IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE ELDRIDGE, #448535,       ) | | |
|     Plaintiff,                                   ) | | |
|                                                     ) | | |
| v.                                                              ) | 3:07-CV-0323-N | |
|                                                     ) | ECF | |
| ROYCE WEST,                                       ) | | |
|     Defendant.                                 ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Jester IV Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Richmond, Texas.

Defendant is defense counsel Royce West from Dallas, Texas. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: The original and amended complaints seek to sue Mr. West for his alleged ineffective assistance during Plaintiff's criminal proceedings in Cause No. F86-70973, which led to his conviction for aggravated assaulted with a deadly weapon, for which he is

presently incarcerated within TDCJ-CID. Plaintiff requests monetary relief.[1]

Findings and Conclusions: The Court has granted Plaintiff leave to proceed *in forma pauperis*. His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915A. That section provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's request for monetary relief against his defense counsel lacks an arguable basis in law and should be dismissed as frivolous. A defense attorney in a criminal proceeding, whether retained or court appointed, is not a state actor. *See Polk County v. Dodson*, 454 U.S.

---

[1] In addition to monetary relief, Plaintiff requests that his conviction be set aside. Such a claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

Alternatively, the Court notes that Plaintiff's claims against his defense counsel would impugn on the validity of his state conviction and sentence. Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), Plaintiff's claims are not cognizable in this civil rights action, unless Plaintiff's conviction is reversed, expunged, invalidated or called into question. Presently Plaintiff cannot make such a showing.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 13th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.